**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                              **Plaintiff,**

                    **-against-**

**SCOTT LINDELL,**

                              **Defendant.**

---

__-cv-____-___

### JUDGMENT AS TO DEFENDANT SCOTT LINDELL

The Securities and Exchange Commission having filed a Complaint and Defendant Scott Lindell having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

1

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Securities Exchange Act of 1934

("Exchange Act") Rule 13b2-2(c) [17 C.F.R. § 240.13b2-2(c)], while acting as an officer or

director of an investment adviser, sponsor, depositor, trustee, or administrator of an investment

company registered under section 8 of the Investment Company Act of 1940 [15 U.S.C. § 80a-

8], by directly or indirectly making or causing to be made a materially false or misleading

statement, or omitting to state or causing another person to omit to state any material fact

necessary in order to make such statements true, in light of the circumstances under which such

statements were made, not misleading, to an accountant in connection with:

(a)     any audit, review or examination of the financial statements of the investment

company; or

(b)     the preparation or filing of any document or report required to be filed with the

Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 204(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-4(a)] and Rule 204-2(a) thereunder [17 C.F.R. § 275.204-2(a)], by making use of the mails or of any means or instrumentality of interstate commerce in connection with business as an investment adviser, making and keeping for prescribed periods records, furnishing such copies thereof, and making and disseminating such reports as the Commission prescribes as necessary or appropriate in the public interest or for the protection of investors, and as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], making and keeping true, accurate, and current all books and records relating to his investment advisory business.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(2) and (4) of the Advisers

Act [15 U.S.C. § 80b-6(2), (4)], as an investment adviser, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (b)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder [15 U.S.C. § 80b-6(4) & 17 C.F.R. § 275.206(4)-7], by providing investment advice to clients as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], unless:

    (a)    adopting and implementing written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules thereunder;

    (b)    reviewing, no less frequently than annually, the adequacy of the policies and procedures and the effectiveness of their implementation; and

    (c)    designating an individual (who is a supervised person) responsible for administering the policies and procedures.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder [15 U.S.C. § 80b-6(4) & 17 C.F.R. § 275.206(4)-8], by any investment adviser to a pooled investment vehicle to:

(a)     make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(b)     otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 207 of the Advisers Act [15

U.S.C. § 80b-7], by willfully making any untrue statement of a material fact in any registration

application or report filed with the Commission under Sections 203 or 204 of the Advisers Act

[15 U.S.C. §§ 80b-3 & -4], or willfully omitting to state in any such application or report any

material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

VIII.

Upon motion of the Commission, the Court shall determine whether it is appropriate to

order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and, if so, the

amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall

pay prejudgment interest thereon as determined by the Court, calculated from the date of the

violation, based on the rate of interest used by the Internal Revenue Service for the

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with

the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on

such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In

connection with the Commission's motion for disgorgement and/or civil penalties, the parties

may take discovery, including discovery from appropriate non-parties.

IX.

Upon motion of the Commission, the Court shall determine whether it is appropriate,

pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], to prohibit Defendant

from acting as an officer or director of any issuer that has a class of securities registered pursuant

to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].  In connection with the Commission's

motion to prohibit Defendant from acting as an officer or director, and at any hearing held on

such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In

connection with the Commission's motion to prohibit Defendant from acting as an officer or director, the parties may take discovery, including discovery from appropriate non-parties.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                    **Plaintiff,**

          **-against-**

**SCOTT LINDELL,**

                    **Defendant.**

---

__-cv-____-___

**CONSENT OF DEFENDANT SCOTT LINDELL**

1.      Defendant Scott Lindell ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

          (a)      permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Securities Exchange Act of 1934 ("Exchange Act") Rule 13b2-2(c) [17 C.F.R. § 240.13b2-2(c)], Sections 204(a), 206(2), 206(4), and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-4(a) & -6(2), (4) & -7] and Rules 204-2(a), 206(4)-7, and 206(4)-8 thereunder [17 C.F.R. §§ 275.204-2(a) & 206(4)-7 & -8].

3.      Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act

[15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and, if

so, the amount(s) of the disgorgement and/or civil penalty.  The Defendant further understands

that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon as determined

by the Court, calculated from the date of the violation, based on the rate of interest used by the

Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C.

§ 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will

be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c)

solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.

    4.    Defendant agrees that, upon motion of the Commission, the Court shall determine

whether it is appropriate, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. §

78u(d)(5)], to prohibit Defendant from acting as an officer or director of any issuer that has a

class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that

is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

Defendant further agrees that in connection with the Commission's motion to prohibit Defendant

from acting as an officer or director, and at any hearing held on such a motion: (a) Defendant

will be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c)

solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion to

prohibit Defendant from acting as an officer or director, the parties may take discovery,

including discovery from appropriate non-parties.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Judgment with

the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Judgment on the ground, if any

exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

waives any objection based thereon.

10.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted after the Judgment is entered.

16.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: 09/28/22

_____
Scott Lindell

On Sept. 28th, 2022, Scott Lindell, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

LAUREN BAATZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BA6341596
Qualified in New York County
My Commission Expires 11-18-2024

Approved as to form:

_____
Joshua Klein, Esq.
Petrillo Klein & Boxer LLP
655 Third Avenue
22nd Floor
New York, New York  10017

Attorney for Defendant