UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,                          22-cv-08368-PKC

          -against-

SCOTT LINDELL,

                    Defendant.

---

### JUDGMENT AS TO DEFENDANT SCOTT LINDELL

The Securities and Exchange Commission having filed a Complaint and Defendant Scott
Lindell having entered a general appearance; consented to the Court's jurisdiction over
Defendant and the subject matter of this action; consented to entry of this Judgment; waived
findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933
(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any
means or instruments of transportation or communication in interstate commerce or by use of the
mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact
        or any omission of a material fact necessary in order to make the statements
        made, in light of the circumstances under which they were made, not misleading;
        or

1

(c)      to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Securities Exchange Act of 1934

("Exchange Act") Rule 13b2-2(c) [17 C.F.R. § 240.13b2-2(c)], while acting as an officer or

director of an investment adviser, sponsor, depositor, trustee, or administrator of an investment

company registered under section 8 of the Investment Company Act of 1940 [15 U.S.C. § 80a-

8], by directly or indirectly making or causing to be made a materially false or misleading

statement, or omitting to state or causing another person to omit to state any material fact

necessary in order to make such statements true, in light of the circumstances under which such

statements were made, not misleading, to an accountant in connection with:

(a)      any audit, review or examination of the financial statements of the investment

company; or

(b)      the preparation or filing of any document or report required to be filed with the

Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 204(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-4(a)] and Rule 204-2(a) thereunder [17 C.F.R. § 275.204-2(a)], by making use of the mails or of any means or instrumentality of interstate commerce in connection with business as an investment adviser, making and keeping for prescribed periods records, furnishing such copies thereof, and making and disseminating such reports as the Commission prescribes as necessary or appropriate in the public interest or for the protection of investors, and as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], making and keeping true, accurate, and current all books and records relating to his investment advisory business.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(2) and (4) of the Advisers

Act [15 U.S.C. § 80b-6(2), (4)], as an investment adviser, by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (b)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act and Rule 206(4)-7 thereunder [15 U.S.C. § 80b-6(4) & 17 C.F.R. § 275.206(4)-7], by providing investment advice to clients as an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3], unless:

    (a)    adopting and implementing written policies and procedures reasonably designed to prevent violation of the Advisers Act and the rules thereunder;

    (b)    reviewing, no less frequently than annually, the adequacy of the policies and procedures and the effectiveness of their implementation; and

    (c)    designating an individual (who is a supervised person) responsible for administering the policies and procedures.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder [15 U.S.C. § 80b-6(4) & 17 C.F.R. § 275.206(4)-8], by any investment adviser to a pooled investment vehicle to:

(a)     make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(b)     otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 207 of the Advisers Act [15

U.S.C. § 80b-7], by willfully making any untrue statement of a material fact in any registration

application or report filed with the Commission under Sections 203 or 204 of the Advisers Act

[15 U.S.C. §§ 80b-3 & -4], or willfully omitting to state in any such application or report any

material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

VIII.

Upon motion of the Commission, the Court shall determine whether it is appropriate to

order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] and, if so, the

amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall

pay prejudgment interest thereon as determined by the Court, calculated from the date of the

violation, based on the rate of interest used by the Internal Revenue Service for the

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with

the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on

such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In

connection with the Commission's motion for disgorgement and/or civil penalties, the parties

may take discovery, including discovery from appropriate non-parties.

IX.

Upon motion of the Commission, the Court shall determine whether it is appropriate,

pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], to prohibit Defendant

from acting as an officer or director of any issuer that has a class of securities registered pursuant

to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to

Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].  In connection with the Commission's

motion to prohibit Defendant from acting as an officer or director, and at any hearing held on

such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the

Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In

connection with the Commission's motion to prohibit Defendant from acting as an officer or director, the parties may take discovery, including discovery from appropriate non-parties.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _October 6, 2022_

_____

UNITED STATES DISTRICT JUDGE