

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

January 31, 2023

**FILED BY ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>SEC v. Scott Lindell, No. 22 Civ. 8368 (PKC) [rel No.22 Civ. 1346 (PKC)]</u>

Dear Judge Castel:

    Plaintiff Securities and Exchange Commission ("SEC") and Defendant Scott Lindell ("Lindell") respectfully write to jointly request the adjournment of the Initial Pretrial Conference scheduled for February 13, 2023, in this matter. (D.E. 14). The parties respectfully request that the Court adjourn the Initial Pretrial Conference for three months to allow the parties to continue their settlement discussions in the hopes of resolving this matter and for the parties to continue to engage in certain informal fact-gathering relevant to those discussions.

    The SEC's Complaint alleges, among other things, that Lindell – the former Chief Risk Officer, head of operations, and Chief Compliance Officer of an SEC-registered investment adviser, Infinity Q Capital Management LLC ("Infinity Q") – failed to undertake an appropriate investigation as to multiple red flags while the firm's founder, James Velissaris ("Velissaris"), engaged in a fraudulent scheme to inflate the value of certain assets by over $1 billion. (D.E. 1 at ¶¶ 1-7). The SEC's Complaint further alleges that Lindell, at Velissaris's direction, helped Velissaris submit misleading documents to the SEC staff in response to the SEC's initial inquiries in this matter and, on one occasion, helped Velissaris mislead the auditor of a mutual fund that Infinity Q advised. (*Id*. at ¶ 8). The bifurcated consent judgment the Court entered as to Lindell on October 6, 2022, resolved certain injunctive relief that the SEC seeks but left open for later resolution by motion (or further settlement) the monetary relief and officer-and-director bar the SEC also seeks. (D.E. 10).

    Previously, the SEC hoped that the presentation of evidence and witness testimony in a related criminal trial against Velissaris would eliminate the need for at least some discovery in this case, but Velissaris pleaded guilty. Prior to that guilty plea, the parties had

sought and the Court had granted an adjournment of the Initial Pretrial Conference. (D.E. 14). Currently, the SEC and Lindell are in the midst of settlement discussions that may resolve the issues remaining following the entry of the bifurcated consent judgment. In addition, the parties are engaged in certain informal fact-gathering relevant to the settlement discussions, particularly as to monetary relief. The parties therefore hope that a short period of informal fact-gathering and settlement negotiations may eliminate the need for discovery and motion practice in this matter.

The parties thus respectfully request that the Court adjourn the Initial Pretrial Conference for three months. If the parties cannot reach a settlement in principle, they will propose a discovery schedule to the extent necessary or propose a briefing schedule for the SEC's motion for remedies.

Respectfully submitted,

/s/ Zachary Sturges
Zachary Sturges
Senior Counsel
Division of Enforcement

cc: Counsel for Defendant (by email and ECF)